UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY B.,[1] <br>     Plaintiff, <br> v. <br> ANDREW M. SAUL, <br>     Defendant. | Case No. 20-cv-03411-SK <br><br> **ORDER REGARDING CROSS-MOTIONS FOR SUMMARY JUDGMENT** <br><br> Regarding Docket Nos. 25, 26 |

This matter comes before the Court upon consideration of Plaintiff Timothy B.'s motion for summary judgment and the cross-motion for summary judgment filed by Defendant, the Commissioner of Social Security (the "Commissioner"). Pursuant to Civil Local Rule 16-5, the motions have been submitted on the papers without oral argument. Having carefully considered the administrative record, the parties' papers, and relevant legal authority, and the record in the case, the Court hereby GRANTS Plaintiff's motion and DENIES the Commissioner's cross-motion for summary judgment for the reasons set forth below. The Court REMANDS this matter for further proceedings.

**BACKGROUND**

Plaintiff was born on August 24, 1956. (Administrative Record ("AR") 827.) Plaintiff previously filed applications for a period of disability and disability insurance benefits in August 2013, alleging he was disabled starting on November 1, 2010. (AR 817.) An administrative law judge ("ALJ") denied his application. Plaintiff then filed a subsequent application which was also denied. Plaintiff sought judicial review of the ALJ's denial of his application. Upon a stipulation

---

[1] Plaintiff's name is partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

by the parties, the undersigned remanded Plaintiff's case for further administrative proceedings.

On December 17, 2019, ALJ Enrico M. Alis conducted another hearing. (AR 816.) Plaintiff, accompanied by counsel, testified at the hearing before the ALJ. Medical expert Ann Monis, Psy.D., and vocational expert Valerie Williams also testified at the hearing. (*Id.*).

The ALJ found that Plaintiff had the following severe impairments: anxiety disorder; PTSD; social phobia; mood disorder, NOS; and alcohol use in remission. (AR 819.) The ALJ determined that Plaintiff's impairments did not meet or equal any listed impairments and that Plaintiff had the following residual functional capacity (RFC) to perform a full range of work at all exertional levels, but that he had the following nonexertional limitations:

> capable of simple routine tasks and simple work-related decisions; needs a stable work environment (meaning few changes, in any, in the day to day work setting and in the tools and/or work processes used to accomplish tasks); and brief superficial public interactions and occasional interactions with supervisors and coworkers (but not in a tandem/team/group setting).

(AR 821.)

The ALJ determined that Plaintiff had moderate limitations in understanding, remembering or applying information, in interacting with others, and with concentrating, persisting, and maintaining pace. (AR 820.)

The ALJ used the above RFC in the hypothetical questions posed to the vocational expert ("VE"). (AR 864-65.) The VE testified that a hypothetical individual with the above RFC could perform the jobs of industrial cleaner, kitchen helper and hand packer. (AR 865.) The ALJ relied on the VE's testimony to find Plaintiff not disabled. (AR 828.)

## ANALYSIS

**A.    Standard of Review.**

A federal district court may not disturb the Commissioner's final decision unless it is based on legal error or the findings of fact are not supported by substantial evidence. 42 U.S.C. § 405(g); *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). "Substantial evidence means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039

2

(9th Cir. 1995). To determine whether substantial evidence exists, courts must look at the record as a whole, considering both evidence that supports and undermines the findings by the Administrative Law Judge ("ALJ"). *Reddick*, 157 F.3d at 720. The ALJ's decision must be upheld, however, if the evidence is susceptible to more than one reasonable interpretation. *Id.* at 720-21.

**B.       Legal Standard for Establishing a Prima Facie Case for Disability.**

Disability is "the inability to engage in any substantial gainful activity" because of a medical impairment which can result in death or "which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine whether a plaintiff is disabled, an ALJ applies a five-step sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 404.1520. The plaintiff bears the burden of establishing a *prima facie* case for disability in the first four steps of evaluation. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984). However, the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

The five-step analysis proceeds as follows. First, the claimant must not be engaged in substantial gainful activity. 20 C.F.R. § 416.920(b). Second, the claimant must have a "severe" impairment. 20 C.F.R. § 416.920(c). To be considered severe, a medical impairment must significantly limit physical or mental ability to do basic work activities and must be of twelve months duration or be expected to last for at least twelve months. (*Id.*) Third, if the claimant's impairment meets or equals one of the impairments listed in Appendix I to the regulation (a list of impairments presumed severe enough to preclude work), benefits are awarded without consideration of the claimant's age, education, or work experience. 20 C.F.R. § 20 C.F.R. 404.1520(d). Fourth, if the claimant's impairments do not meet or equal a listed impairment, the ALJ will assess and make a finding about the claimant's residual functional capacity ("RFC") based on all relevant medical and other evidence in the claimant's case record. 20 C.F.R. § 416.920(e). The RFC measurement describes the most an individual can do despite his or her limitations. *Id.* § 404.1545(a)(1). If the claimant has the RFC to perform past relevant work, benefits will be denied. *See id.* § 404.1520(f). If the claimant cannot perform past relevant work,

the ALJ will proceed to step five. *Id*.

At step five, the ALJ determines whether the claimant can make an adjustment to other work. 20 C.F.R. § 404.1520(f)(1). If the claimant can make the adjustment to other work, the ALJ will find the claimant is not disabled; if the claimant cannot make an adjustment to other work, the ALJ will find that the claimant is disabled. *Id.* at 404.1520(e) and (g). There are two ways to make this determination: (1) by the testimony of an impartial vocational expert or by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app.2. *Id.*

### C. The ALJ Failed to Address Moderate Limitations.

The ALJ gave great weight to several medical professionals who found that Plaintiff has moderate limitations in at least ten areas, and Plaintiff argues that the ALJ failed to address or include those moderate limitations in assessing Plaintiff's RFC. The ALJ gave great weight to the opinions of Johnathan Howard, Psy.D.; C. Arpaci, Psy.D.; Barbara Moura, Psy.D.; M. Held, MD.; and J. Collado, MD., and they found that Plaintiff has moderate limitations in at least ten areas. However, the ALJ did not address all of those moderate limitations explicitly.

"[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record." *Robbins v. Social Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006). "[A]n RFC that fails to take into account a claimant's limitations is defective." *Valentine v. Comm'r. of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

Relying on *Stubbs-Danielson v. Astrue*, 539 F.3d 1169 (9th Cir. 2008), Defendant argues that the ALJ sufficiently accounted for all of Plaintiff's limitations in his RFC. In *Stubbs-Danielson*, one doctor opined that the plaintiff was moderately limited in her ability to perform at a consistent pace without an unreasonable number and length of rest periods but did not assess whether the plaintiff could perform unskilled work on a sustained basis. Another doctor identified the plaintiff as having a slow pace, both in thinking and actions, but concluded that she retained the ability to carry out simple tasks. *Id*. at 1173. The Ninth Circuit held that the ALJ's RFC limiting the plaintiff to performing simple, routine, repetitive tasks adequately captured her

4

deficiencies in concentration, persistence, and pace. *Id*. at 1174.

However, "the Ninth Circuit and district courts in the Ninth Circuit have held that *Stubbs-Danielson* does not control in cases where the limitations relate to functional areas other than concentration, persistence, and pace, such as social functioning and attendance." *Panziera v. Berryhill*, 2018 WL 278623, at *20 (N.D. Cal. Jan. 3, 2018) (citing, *inter alia*, *Bagby v. Comm'r of Soc. Sec.*, 606 Fed. Appx. 888, 890 (9th Cir. 2015) (RFC limiting claimant to simple, repetitive tasks, no public contact, and occasional interaction with coworkers failed to account for limitation in responding appropriately to changes in routine work setting); *Betts v. Colvin*, 531 Fed. Appx. 799, 800 & n.1 (9th Cir. 2013) (unpublished) (distinguishing *Stubbs-Danielson* and holding that ALJ erred by affording "greatest weight" to medical opinion but disregarding aspects of that opinion including limitations on attendance); *Markell v. Berryhill*, 2017 WL 6316825 at *7-8 (N.D. Cal. Dec. 11, 2017) (RFC limiting claimant to simple, repetitive tasks did not account for limitations in attendance or ability to interact with supervisors)); *see also Harrell v. Kijakazi*, 2021 WL 4429416, at *7 (E.D. Cal. Sept. 27, 2021) (finding that the weight of authority refutes "notion that a limitation to simple/routine tasks with limited public contact adequately accounts for other limitations in social interaction, maintaining attendance, completing a normal workday without interruptions from a psychiatric condition, and handling work related stressors.").

The ALJ, in assessing Plaintiff's RFC, found that he is:

> capable of simple routine tasks and simple work-related decisions; needs a stable work environment (meaning few changes, in any, in the day to day work setting and in the tools and/or work processes used to accomplish tasks); and brief superficial public interactions and occasional interactions with supervisors and coworkers (but not in a tandem/team/group setting).

(AR 821.)

Howard, Arpaci, Moura, Held and Collado, all of whom the ALJ afforded great weight opined that Plaintiff was moderately impaired in his abilities in the following areas:

- to complete a normal workday or workweek without interruptions from psychologically-based symptoms (Moura, Held and Collado) (AR 99, 916, 931);
- to maintain regular attendance (Held, Collado, Howard) (AR 916, 931, 1340);

5

- to be punctual within customary tolerances (Held, Collado) (AR 916, 931)
- to perform at a consistent pace without an unreasonable number and length of rest periods (Moura, Held and Collado) (AR 99, 916, 931); in his pace and persistence of tasks (Howard) (AR 1340)
- to perform activities within a schedule (Howard, Held and Collado) (AR 916, 931, 1340);
- to maintain attention and concentration for extended periods (Moura) (AR 99); to maintain adequate attention/concentration (Arpaci) (AR 442)
- to understand and remember very short and simple instructions. (Held, Collado) (AR 916, 931.)
- to adapt to change in a work environment/job routine (Moura, Arpaci, Howard) (AR 100, 442, 1340);
- to interact appropriately with the general public (Moura, Held, Collado, Howard) (AR 100, 916, 931, 1340)
- to interact effectively with supervisors (Howard) (AR 1340)
- to work in coordination with or in proximity to others without being distracted by them (Held, Collado) (AR 916, 931); to interact effectively with co-workers (Howard) (AR 1340)

Arpaci also found that Plaintiff was moderately/severely impaired in his ability to withstand the stress of a routine workday. (AR 442.)

The RFC seems to take into account Plaintiff's moderate impairments related to his persistence and pace, attention, adapting to change in the work environment, and his interactions with the public, co-workers, and supervisors. However, the RFC does not reflect, and the ALJ did not address, Plaintiff's limitations with respect to completing normal workdays or workweeks without interruptions from psychologically-based symptoms, maintaining regular attendance, or being punctual within customary tolerances. Additionally, while the ALJ limited Plaintiff to performing simple routine tasks and simple work-related decisions, it is not clear whether this limitation effectively addresses the moderate limitations the above doctors found with respect to

Plaintiff's ability to perform at a consistent pace without an unreasonable number and length of rest periods, to perform activities within a schedule, to maintain adequate attention and concentration, or to understand and remember very short and simple instructions. *Sahyoun v. Saul*, 2020 WL 1492661, at *4 (E.D. Cal. Mar. 27, 2020) (factually distinguishing *Stubbs-Danielson* where physician did not opine that plaintiff could sustain work involving simple, repetitive tasks despite his moderate limitations); *Bagby*, 606 F. App'x at 890 n. 2 (noting that the RFC in *Stubbs-Danielson* limiting the claimant to simple, routine, repetitive sedentary work effectively captured the claimant's limitations with regard to concentration, persistence, and pace because the examining physician opined the claimant could carry out work on a sustained basis so long as it was simple and unskilled). Nor is it clear whether the RFC addresses Plaintiff's moderate to severe impairment in his ability to withstand the stress of a routine workday.

While moderate limitations in various areas of functioning are not necessarily *per se* disabling, the ALJ was required to either include them in the RFC or explicitly reject those portions of the doctors' opinions with reasoned explanations. *See Wiles v. Berryhill*, 2017 WL 5186333, at *3 (C.D. Cal. Nov. 8, 2017) (moderate limitations, such as in the ability to maintain regular attendance or to complete a normal workday, are not per se disabling, but the ALJ erred in assessing RFC without either including the limitations or offering specific reasons for rejecting opinion). By failing to account for these moderate limitations as found by Howard, Arpaci, Moura, Held and Collado, to whom the ALJ afforded great weight, the ALJ erred. *Morinskey v. Astrue*, 458 F. App'x 640, 641 (9th Cir. 2011) (finding ALJ erred by giving great weight to opinion that the plaintiff was moderately impaired in the ability to maintain regular attendance, sustain an ordinary routine, and complete a normal work day or workweek without interruption, but failing to provide an explanation for why these limitations were not included in RFC); *Bain v. Astrue*, 319 F. App'x 543, 545-46 (9th Cir. 2009) (holding ALJ erred by not including consultative examining psychologist's moderate limitations in the RFC, despite crediting psychologist's opinion).

Defendant argues that, because Monis provided her opinion at the hearing regarding Plaintiff's work restrictions based on her review of the record, she translated Plaintiff's mild to

moderate limitations into concrete restrictions, and the ALJ was entitled to rely on her opinion. The problem with Defendant's argument is that Monis merely provided one more opinion as to Plaintiff's limitations and work restrictions. If the ALJ chose to rely on her opinion to reject the unaddressed moderate limitations or to determine that those moderate limitations did not affect Plaintiff's functional capacity in any concrete manner, the ALJ was required to specify and explain his reasoning, which he did not. Moreover, Monis clarified that she was not providing an opinion on Arpaci's determination of Plaintiff's restrictions, but rather, was providing her opinion of Plaintiff's restrictions:

> Q: . . .[B]ased on your reading and the totality of the evidence, how would these ratings end up translating into any sort of work restrictions?
>
> A: So I'm not going to give you his, [Arpaci's], work restrictions but rather mine . . . For B group here, I have one through three as moderate, and number for as mild. . . ."

(AR 846-847.) Therefore, Monis did not translate the moderate limitations opined by Howard, Arpaci, Moura, Held and Collado into concrete work restrictions.

The Court, thus, finds that the ALJ erred in failing to address or account for Plaintiff's moderate limitations as opined by doctors who the ALJ provided great weight. Additionally, the Court finds that the ALJ's error was not harmless. While moderate limitations are not *per se* disabling, they may translate into concrete work restrictions which, when considered in connection with Plaintiff's other restrictions, may render him disabled. In other words, the moderate limitations which the ALJ failed to address or account for were not inconsequential to the ultimate disability determination. *Stout v. Comm'r. of Soc. Sec. Admin.*,, 454 F.3d 1050, 1055 (9th Cir. 2006).

**D.      Remand.**

In reviewing a Social Security Commissioner's decision, a court may remand the case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Typically, when a court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or

1    explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted).

2    Moreover, "[r]emand for further proceedings is appropriate where there are outstanding issues that

3    must be resolved before a disability determination can be made, and it is not clear from the record

4    that the ALJ would be required to find the claimant disabled if all the evidence were properly

5    evaluated." *Taylor v. Comm'r of Soc. Sec.*, 659 F.3d 1228, 1235 (9th Cir. 2011) (reversing and

6    remanding for the consideration of new evidence instead of awarding benefits); *see also Harman*

7    *v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000) ("Because neither the ALJ nor the vocational expert

8    had the full picture before them, remand for further proceedings is particularly appropriate.").

9    Because this evidence may affect other portions of the decision, the ALJ shall determine if any

10   further evaluation is required based on the issues raised here.

11         Plaintiff urges the undersigned to find that he is disabled and award benefits, noting that

12   this case has been pending since 2013 and has already been before two ALJs. (Dkt. No. 29.)

13   While the Court is sympathetic to Plaintiff's position, the Court will remand this matter one more

14   time because the moderate limitations at issue alone do not necessarily render Plaintiff disabled.

15   However, the Court urges the ALJ to carefully and conscientiously consider *all* of the moderate

16   limitations imposed by Howard, Arpaci, Moura, Held and Collado and to address them explicitly.

17   Additionally, the ALJ shall translate *each* of the moderate limitations (to which the ALJ gives

18   great weight) into concrete restrictions for work. To the extent the ALJ finds that a moderate

19   limitation does not require a corresponding restriction for work, the ALJ shall provide clear and

20   sufficient reasoning. The Court will not provide Defendant with any more opportunities to do

21   what should have been done in the first place, which is to consider Plaintiff's claim for disability

22   benefits properly. Plaintiff has waited over eight years to have his claim for disability benefits

23   adjudicated, endured two hearings, and appealed two separate orders from ALJs.

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiff's motion for summary judgment and DENIES the Commissioner's cross-motion for summary judgment. The Court vacates the Commissioner's final decision and REMANDS for further administrative proceedings consistent with this order. The Court shall issue a separate judgment, and the Clerk shall close this file.

**IT IS SO ORDERED**.

Dated: January 20, 2022

_____
SALLIE KIM
United States Magistrate Judge